**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **1:21-cr-00016-1-WAL-GWC** |
| **KRISHNABEN NIKUNJKUMAR PATEL,** | |
| **Defendant.** | |

TO:   **Daniel H. Huston, Esq., AUSA**
        **Pamela L. Colon, Esq.**

**ORDER GRANTING DEFENDANT'S EMERGENCY MOTION FOR THE REOPENING OF THE
DETENTION HEARING AND FOR THE PRE-TRIAL RELEASE OF NIKUNJKUMAR
RAMESHBHAI PATEL**

THIS MATTER is before the Court upon Defendant Nikunjkumar Rameshbhai Patel's
Emergency Motion for the Reopening of the Detention Hearing and for pretrial release (ECF
No. 41).  A hearing was held on the matter on January 5, 2022. Daniel H. Huston, AUSA
appeared on behalf of the United States. Pamela L. Colon, Esq. appeared on behalf of
Defendant. Defendant attended via videoconference.

Defendant presents the following change in circumstances. First, Defendant Patel's
uncle, Mr. Hirenkumar Patel, will act as her third-party custodian and is willing to post a
cash bond as well as host Defendant Patel in his home in Flushing, New York. Mot. at 2.
Second, Defendant states that the Juan F. Luis Hospital "cannot care for **ANY** complications
that Ms. Patel may experience, pre-natal, during birth, or post-natal." *Id*. at 3. At the hearing,
the United States stated that it does not dispute the limitations of the hospital. Third,
Defendant states that "[g]iven the explosion of COVID 19 on St. Croix that has occurred in

*United States v. Patel et al*
1:21-cr-00016-1-WAL-GWC
Order
Page 2

the past week, Ms. Patel is at even greater risk of becoming infected, which in turn, creates even greater risk factors for her pregnancy." *Id.*

    At the hearing, the United States maintained its opposition to Defendant Patel's pretrial release to the continental U.S. The United States does not oppose pretrial release to the U.S. Virgin Islands with a minimum $10,000.00 cash bail bond.

    Title 18 of the United States Code, Section 3142(f), allows a detention hearing to be reopened based upon new evidence.  Subparagraph (f)(2)(B) of Section 3142, provides, in pertinent part:

> The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C.A. § 3142(f)(2)(B).

    The Court finds that the conditions for reopening detention have been met. Mr. Patel was not presented as a third-party custodian at the initial detention hearing, nor was evidence pertaining to the Juan F. Luis Hospital's capacity for maternal care. It is undisputed that an "explosion" of COVID 19 has occurred on St. Croix with *The New York Times* reporting an 3,142% increase in positive cases over the past 14 days. *The New York Times,* Tracking Coronavirus, https://www.nytimes.com/interactive/2021/us/virgin-islands-covid-cases.html.[1] Thus, the Court finds that these new circumstances have a

---

[1] In comparison, while cases are still extremely high, New York City has had an 280% increase in positive cases

*United States v. Patel et al*
1:21-cr-00016-1-WAL-GWC
Order
Page 3

material bearing on whether there are conditions of release that will reasonably assure the appearance of Defendant. Consequently, the Court finds that Defendant is entitled to reopen the detention hearing under 18 U.S.C. § 3142(f)(2)(B).

The Court stated on the record at the hearing the conditions of release that will reasonably assure the appearance of Defendant, including, but not limited to, a $10,000.00 cash bail bond and Mr. Patel serving as Defendant's third-party custodian. These conditions will be enumerated in a forthcoming order from this Court.

The logistical issue regarding Defendant's travel from St. Croix to New York was discussed at the hearing. The Court has attached Defendant's suggested "Record of Deportable/Inadmissible Alien" and ordered that Defendant travel with her third-party custodian who is himself a U.S. citizen and will serve as an interpreter for Defendant who does not speak English.

WHEREFORE, it is hereby **ORDERED**:

1. Defendant Nikunjkumar Rameshbhai Patel's Emergency Motion for the Reopening of the Detention Hearing and for pretrial release (ECF No. 41) is **GRANTED**;

2. Defendant Patel is **RELEASED** subject to conditions of release enumerated in the Court's Order; and

3. Defendant Patel shall travel with her third-party custodian to his residence in Flushing, New York with the attached **Record of Deportable/Inadmissible Alien**.

---

over the past 14 days. *The New York Times,* Tracking Coronavirus, https://www.nytimes.com/interactive/2021/us/new-york-covid-cases.html.

*United States v. Patel et al*
1:21-cr-00016-1-WAL-GWC
Order
Page 4

ENTER:

Dated: January 6, 2022

/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE